Argued and submitted November 16, 1981, reversed April 26,
reconsideration denied June 2,
petition for review denied July 7, 1982 (293 Or 373)

# TERRY ROLIN,
*Respondent,*

*v.*

# CUPP,
*Appellant.*

## (No. 115996, CA A21196)

643 P2d 1310

Richard David Wasserman, Assistant Attorney General,
Salem, argued the cause for appellant. With him on the
brief were Dave Frohmayer, Attorney General, and
William F. Gary, Solicitor General, Salem.

Ken L. Betterton, Salem, argued the cause and filed the
brief for respondent.

Before Richardson, Presiding Judge, and Thornton and
Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this proceeding under the Post-Conviction Hearing Act, ORS 138.510 to 138.680, the court ordered that petitioner's multiple robbery convictions and sentences be "merged" into one conviction and sentence. The state appeals, and we reverse.

The facts are not disputed. Petitioner entered a store and robbed the clerk at knife point. A customer then entered the store, and petitioner robbed him also. Petitioner was charged with two counts of robbery in the first degree. ORS 164.415. After trial to the court on stipulated facts, the court convicted petitioner on both counts and sentenced him to two consecutive eight-year terms of imprisonment. Petitioner did not appeal. He subsequently brought this proceeding for post-conviction relief.[1]

The court granted relief, finding that the two separate robbery charges were "one crime for purposes of conviction and sentencing," with the result that petitioner stands convicted of one robbery charge and must serve one eight-year sentence. The state contends that two separate convictions and sentences were proper, because petitioner committed two separate offenses against two separate victims during a single criminal episode.

In *State v. Linthwaite,* 52 Or App 511, 628 P2d 1250, *rev allowed* 291 Or 893 (1981), relied upon by the state, the defendant brandished a knife at four people during a confrontation in a park. He was eventually convicted and sentenced for four counts of attempting to use a dangerous weapon. ORS 166.220. On appeal we concluded that the defendant properly was convicted and sentenced for four separate offenses.

Petitioner here robbed the store clerk and then robbed the customer. These were separate acts and reflect a

---

[1] Petitioner sought relief on many bases, all but one of which were denied by the court. Petitioner may seek post-conviction relief under ORS 138.530(1)(c) for a

"[s]entence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted * * *."

Petitioner could have asserted this issue on direct appeal, but he did not appeal. He nevertheless may raise the particular issue in a petition for post-conviction relief. ORS 138.550(1).

choice by petitioner to carry out two separate criminal objectives. The second robbery was not part of, nor did it necessarily follow from, the first. *State v. Perkins,* 45 Or App 91, 607 P2d 1202 (1980), relied upon by petitioner, is distinguishable. In that case the defendant threatened two restaurant employees in the course of committing theft of restaurant property. The ultimate criminal objective was the theft, and we concluded that two separate robbery sentences were inappropriate. In the present case petitioner committed multiple offenses against multiple victims in a single criminal episode to further *multiple* criminal objectives. Separate sentences were appropriate, and the post-conviction court erred in merging the two robberies for purposes of conviction and sentencing.

Reversed.